UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHERINE J. BERMUDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>GLOUCESTER ENGINEERING CO. INC.,<br>DAVIS-STANDARD, LLC, *et al.*,<br><br>    Defendants. | Case No.: 2:21-cv-13370-WJM-JSA<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This products liability action arises out of injuries allegedly sustained by plaintiff Katherine J. Bermudez ("Plaintiff") while operating machinery manufactured by defendant Gloucester Engineering Co. Inc. ("Gloucester"), whose business was allegedly purchased and carried on by defendant Davis-Standard, LLC ("Davis-Standard", and, together with Gloucester, "Defendants"). Before the Court is Davis-Standard's motion to dismiss (the "Motion") the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 12. For the reasons set forth below, the Motion is **GRANTED**.

**I.   BACKGROUND**

   **A.   Factual Background**

Plaintiff is a New Jersey resident who sustained injuries while operating allegedly defective machinery in the ordinary course of her employment with non-party Omega Plastics. Complaint, Notice of Removal on Behalf of Davis-Standard, LLC, Ex. A, at First Count ¶ 1, ECF No. 1. Plaintiff alleges that Gloucester designed, manufactured, and sold the piece of defective machinery. *Id.* at ¶¶ 2-5. Plaintiff further alleges that Davis-Standard "purchased or merged" with Gloucester, continued the operation of Gloucester's business, and is liable to Plaintiff for her injuries as a successor-in-interest to Gloucester. *Id.*, at Second Count ¶¶ 2-3.

   **B.   Procedural History**

On May 28, 2021, Plaintiff commenced this product liability action by filing her Complaint in the Superior Court of the State of New Jersey, Bergen County against Gloucester, Davis-Standard, and numerous unnamed entities. On July 6, 2021, Davis-Standard removed the case to this Court. On September 3, 2021, Davis-Standard filed the instant Motion, seeking dismissal of Plaintiff's claim against it for lack of personal jurisdiction. Plaintiff did not oppose or otherwise respond to the Motion.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of showing facts sufficient to establish personal jurisdiction over each defendant by a preponderance of the evidence. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). Upon a defendant's challenge to the Court's exercise of personal jurisdiction, a plaintiff may only satisfy this burden "through sworn affidavits or other competent evidence" – reliance on pleadings and allegations alone is insufficient. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). In other words, "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Frutta Bowl Franchising LLC v. Bitner*, No. 18-2446 (FLW), 2018 WL 6499760, at *2 (D.N.J. Dec. 10, 2018) (quotations omitted). Where, as here, the Court has not held an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and . . . is entitled to have its factual allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

## III. DISCUSSION

Davis-Standard seeks dismissal of Plaintiff's claim against it on the basis that it is not subject to the personal jurisdiction of the Court. Despite Davis-Standard's challenge to the Court's exercise of personal jurisdiction over it, Plaintiff has failed to oppose or otherwise respond to the Motion and has not submitted any evidence of any kind that would establish sufficient contacts between Davis-Standard and the state of New Jersey such that the Court's exercise of personal jurisdiction would be proper. As such, Plaintiff "has not carried [her] burden of establishing jurisdiction." *See Northstar Marine, Inc. v. R & A Marine, LLC*, No. 12-04438 (RBK/KMW), 2013 WL 3873232, at *2 (D.N.J. July 25, 2013).

Though Plaintiff's failure to oppose Davis-Standard's Motion with competent evidence is itself sufficient reason to grant the Motion, the Court also notes that the allegations in the Complaint, assuming them to be true, fail to establish any basis for the Court's exercise of personal jurisdiction over Davis-Standard. A federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). In turn, due process requires that for jurisdiction over a nonresident defendant to be proper, such defendant must have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436-37 (3d Cir. 1987) (alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

2

The exercise of personal jurisdiction may be either general or specific. *Chavez v. Dole Food Co.*, 836 F.3d 205, 222-23 (3d Cir. 2016). General jurisdiction, which permits the Court to hear any claim against the defendant regardless of the claim's connection to the defendant's contacts with the forum state, only exists where the defendant's contacts with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For general jurisdiction purposes, a limited liability company is deemed to be "at home" only in the state where it was organized and where its principal place of business is located. *Hannah v. Johnson & Johnson*, No. 18-1422, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020). Specific jurisdiction, by contrast, allows the Court to hear specific claims against a defendant where such claims arise out of or relate to the defendant's contacts with the forum state. *Goodyear*, 564 U.S. at 919.

Here, the Complaint contains no allegations that would support the exercise of either general or specific jurisdiction over Davis-Standard. With respect to general jurisdiction, the Complaint alleges neither the state in which Davis-Standard was formed, nor the state in which its principal place of business is located. For its part, Davis-Standard, through a sworn declaration of its president and CEO, James Murphy, states that it is a Delaware company with its headquarters and principal place of business in Connecticut. Declaration of James Murphy, Mot. Ex. E., at ¶¶ 3, 6. Plaintiff does not contest these facts and, as noted, has not submitted any evidence of its own to the contrary. Accordingly, the Court finds that it does not have general personal jurisdiction over Davis-Standard.

The Complaint is similarly devoid of allegations that would support the exercise of specific jurisdiction over Davis-Standard. Plaintiff does not allege that Davis-Standard has ever directed any conduct towards or operated in New Jersey and does not allege that any specific conduct of Davis-Standard gave rise to her claims. Instead, the only basis for jurisdiction over Davis-Standard that can be gleaned from the Complaint is Plaintiff's allegation that Davis-Standard "purchased or merged" with Gloucester and is therefore Gloucester's successor in interest. In order to successfully impute Gloucester's New Jersey contacts to Davis-Standard, however, Plaintiff was required to plead facts sufficiently demonstrating that Davis-Standard is a mere continuation of, is the same as, or is not distinct from" Gloucester by showing that Davis-Standard either: (1) expressly or impliedly assumed Gloucester's liabilities; (2) merged with Gloucester; (3) operated a mere continuation of Gloucester; or (4) entered into a transaction with Gloucester to fraudulently escape liability. *See Pastor Enters. V. GKN Driveline N. Am., Inc.*, No. 19-21872, 2020 WL 5366286, at *3 (D.N.J. Sept. 8, 2020) (citations omitted). To that end, Plaintiff's conclusory allegation that Davis-Standard "purchased or merged" with Gloucester, without any kind of specific allegations as to the circumstances surrounding that transaction, falls short of establishing a basis for successor jurisdiction.

The Court notes that Davis-Standard attached to its Motion a copy of the September 3, 2015, Asset Purchase Agreement (the "APA") it entered into with Gloucester, whereby Davis-Standard acquired certain of Gloucester's assets located in Massachusetts. *See generally* APA, Murphy Decl., Ex. 3. The Agreement provided, among other things, that

3

Gloucester retained all liabilities "arising out of or relating to products designed, manufactured or sold by [Gloucester] prior to closing." *Id.* at § 2.5 & Sched. 2.5(b). Further, Davis-Standard states that it did not continue the operation of the Gloucester business it acquired pursuant to the APA, that neither company ever had any financial interest or control over the other, and that there is no overlap or continuity in ownership between Gloucester and Davis-Standard. *See* Murphy Decl. at ¶¶ 14-15. Once again, Plaintiff does not contest these facts and has not submitted any evidence of its own to the contrary. Accordingly, the Court concludes that Plaintiff has failed to establish that the exercise of specific jurisdiction, including successor jurisdiction, is proper.

## IV.   CONCLUSION

For the reasons set forth above, Davis-Standard's Motion is **GRANTED**. An appropriate order follows.

**Date: October 14, 2021**                                    _____
                                                              WILLIAM J. MARTINI, U.S.D.J.